# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Mill's Pride, L.P.,**

       **Plaintiff,**

**-v-**                                  **Case No.: 2:07-cv-990**
                                                     **JUDGE SMITH**
                                                   **Magistrate Judge Kemp**

**W.D. Miller Enterprises, LLC and**
**Walter Douglas Miller,**

       **Defendants.**

## OPINION AND ORDER

Plaintiff, Mill's Pride, L.P., initiated this suit under provisions of the Declaratory Relief Act, 28 U.S.C. § 2101 *et seq*. and various provisions of The Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), including Sections 113(g), 107(a), and 113(f), to establish Defendants' obligations to contribute to past and future removal, response and remediation costs relating to the clean up of the Miller Site. In addition, Plaintiff raises several Ohio tort and contractual claims. Plaintiff asserted claims against the following Defendants: Miller Salvage, Inc.; W.D. Miller Enterprises, LLC; Miller Land Company, Inc.; Fred T. Miller in his individual capacity and d/b/a Miller Lumber Company; Robert H. Miller; Walter Douglas Miller; and John and/or Jane Does. The claims against Miller Land Company, Inc., Miller Salvage, Inc., Fred T. Miller and Robert H. Miller have been dismissed (Doc. 40). This case now remains pending against Defendants W.D. Miller Enterprises, LLC and Walter Douglas Miller. Plaintiff sought default judgment against these Defendants and the Clerk of this Court entered

default on March 17, 2008 (Doc. 20). Plaintiff subsequently filed a Motion for Default Judgment against W.D. Miller Enterprises, LLC and Walter Douglas Miller on June 23, 2009 (Doc. 42). This Motion is now before the Court. For the reasons that follow, Plaintiff's Motion is denied without prejudice.

Plaintiff has failed to present any evidence in support of its damages sought in either of its motions for default judgment. Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure provides that the Court may conduct a hearing on a motion for default judgment when it needs to determine the amount of damages. Rule 8(b)(6) of the Federal Rules of Civil Procedure provides that the effect of failing to deny an allegation in a complaint is an admission unless the allegation is "one relating to the amount of damages." Therefore, the aforementioned rules require that the party moving for a default judgment must present some evidence of its damages. *See, e.g., LG Electronics v. Advance Creative Computer Corp.*, 212 F.Supp. 2d 1171 (N.D. Cal. 2002) (*citing* to Rule 55(b)).

Accordingly, Plaintiff's Motion for Default Judgment against W.D. Miller Enterprises, LLC and Walter Douglas Miller is **DENIED WITHOUT PREJUDICE**. Plaintiff shall refile the Motion for Default Judgment with written evidence of its damages on or before April 30, 2010. The Court reserves the issue of whether a damages hearing should be held until after it reviews the written evidence.

The Clerk shall remove Document 42 from the Court's pending motions list.

**IT IS SO ORDERED**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**